**BONITA OIL COMPANY, Inc., Appellant,**

v.

**J. D. (Jack) WRATHER, Jr., Appellee.**

**No. 4950.**

Court of Civil Appeals of Texas, Waco.

Dec. 22, 1970.

Rehearing Denied Jan. 14, 1971.

Andress & Woodgate, William Andress, Jr., Dallas, for appellant.

Locke, Purnell, Boren, Laney & Neely, Stanley E. Neely and Robert F. See, Jr., J. T. Vaughan, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Bonita Oil Company from summary judgment that it take nothing against defendant Wrather, in a suit on a written contract.

Plaintiff Bonita sued defendant Wrather on a written contract executed April 4, 1949 pursuant to which plaintiff was to drill and operate oil and gas leases in Reeves County, Texas, in return for reimbursement of expenses, and an interest in the wells, if they produced. Plaintiff

prayed for an accounting, an interest in the leases, and $60,000.

Defendant answered (among other matters) that plaintiff's cause of action was barred by the four year Statute of Limitations and by Res Adjudicata.[1]

Defendant thereafter moved for summary judgment, which motion was granted by the trial court and judgment rendered that plaintiff take nothing.

Plaintiff appeals on 6 points asserting the trial court erred in rendering summary judgment that it take nothing.

The record reflects plaintiff's suit was upon a written contract entered into between plaintiff and defendant on April 4, 1949; that the wells the contract contemplated would be drilled, were completed prior to 1952; that all expenses incurred by plaintiff in connection with the contract were billed to defendant in or before 1956; that on March 31, 1965 plaintiff by letter to defendant's attorney made demand for moneys alleged due by virtue of the April 1949 written contract between the parties. Plaintiff filed this case on May 6, 1969.

Article 5527 Vernon's Ann.Civ.St. provides that actions founded upon any contract in writing shall be commenced and prosecuted within four years after the cause of action shall have accrued and not afterward.

As noted all drilling was completed prior to 1952; all expenses were billed by defendant in or before 1956; and finally plaintiff by letter to defendant's attorney on March 31, 1965 made demand for moneys allegedly due by virtue of the April 1949 contract here sued on.

Article 5527 supra commences to run after the cause of action shall have accrued, and bars the action four years after the cause of action shall have accrued.

 The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued. Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716.

From the undisputed record, at the very latest, the demand letter of March 31, 1965 effectively initiated the running of the statute.

Plaintiff's suit was filed on May 6, 1969, at which time its cause of action was barred by the four year Statute of Limitations.

All plaintiff's points and contentions are overruled.

The judgment is correct.

Affirmed.

---

1. While under our disposition of this case we *do not reach the* Res Adjudicata question, the matters here in controversy were determined adversely to J. Thomas Price, Jr., who with his wife, are sole stockholders in Bonita Oil Company, Inc. See Price v. Wrather, Tex.Civ.App. (NRE) 443 S.W.2d 348.